KC **FILED**

**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**07 C 7136**

| | |
|---|---|
| S.E.I.U. LOCAL NO. 4 PENSION FUND, and HAL RUDDICK, one of its Trustees | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| PARK HOUSE, LTD., an Illinois corporation | ) ) ) |
| Defendant. | ) ) |

**JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE ASHMAN**

### COMPLAINT

The S.E.I.U. Local No. 4 Pension Fund (hereinafter referred to as the "Pension Fund") and Hal Ruddick, Trustee on its behalf state as follows:

### JURISDICTION AND VENUE

1.      This action arises under the laws of the United States and is brought pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.

2.      Jurisdiction is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1).

3.      Venue is based on Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and upon the fact that the Plaintiff Pension Fund is administrated in this judicial district.

## PARTIES

4.     Plaintiff S.E.I.U. Local No. 4 Pension Fund ("Pension Fund") is an "employee pension benefit plan" and "employee benefit plan," within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3).

5.     Plaintiff Hal Ruddick is a fiduciary and trustee of the named plaintiff Pension Fund.  ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

6.     Park House, Ltd. is an Illinois corporation with its principal place of business in the State of Illinois ("Defendant").  The Defendant is engaged in business within this judicial district and, is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## CLAIM FOR RELIEF

7.     During all relevant times, the Defendant has been bound by a collective-bargaining agreement with S.E.I.U. Local No. 4.

8.     During all relevant times, the Defendant has been bound by the provisions of the Plaintiff Pension Fund's Trust Agreement and all rules and regulations promulgated by the Pension Fund's Trustees under the Trust Agreement incorporated by reference in the collective bargaining agreement. These documents require participating employers to advise the Pension Fund of the identity of the employees for whom contributions are owed, to identify the hours worked by the covered employees and to pay continuing and prompt monthly contributions to the Pension Fund on behalf of employees covered by the collective

2

bargaining agreement.  Defendant has failed to tender the required reports to the Pension Fund and has failed to make the required contributions to the Pension Fund for its covered employees since January 1, 2006.

9.      The Trust Agreement authorizes the Trustees to audit the payroll books and records of participating employers and require participating employers to make available to the Trustees, or to the qualified public accountant designated by them, payroll books and records so that an audit may be performed.  The Trust Agreement provides that employers found to be delinquent must pay interest, liquidated damages and the Pension Fund's audit costs.

10.     Pursuant to the governing collective bargaining agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(C), the Pension Fund is also entitled to an amount equal to the greater of:

(a)     interest on the unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreement not in excess of 20% of the amount that is due.

WHEREFORE, Plaintiff Pension Fund respectfully requests the following relief:

A)   A judgment in favor of Plaintiffs and against Defendant in the amount of:

i)      all delinquent contributions owed;

ii)     interest on the delinquent contributions;

iii)    an amount equal to the greater of the interest on the delinquent contributions  or liquidated damages of twenty percent (20%) of the delinquent contributions; and

3

iv)  attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

B)  An order enjoining Defendant from failing to submit accurate contributions reports and the proper amount of contributions to the Funds.

C)  That this Court retain jurisdiction of this cause pending compliance with its orders.

D)  Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Thomas J. Angell

Thomas J. Angell
One of Plaintiffs' Attorneys

Thomas J. Angell
David Huffman-Gottschling
Brandon M. Anderson
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan, Suite 1720
Chicago, IL 60603
(312) 372-1646