IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

S.E.I.U. LOCAL NO. 4 PENSION FUND, )
and HAL RUDDICK, one of its Trustees, )
                                                          )
         **Plaintiffs,**         )
                                                          )
         v.                         )        Civil Action No. 07 C 7136
                                                          )        Judge Der-Yeghiayan
PARK HOUSE, LTD.,               )        Magistrate Judge Ashman
an Illinois corporation,               )
                                                          )
         **Defendant.**         )

## ANSWER

PARK HOUSE, LTD. ("Park House"), by its attorneys, hereby answers the Complaint of Plaintiffs S.E.I.U. Local No. 4 Pension Fund and Hal Ruddick, as follows:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sec. 1132.

ANSWER TO PARAGRAPH 1:

Park House admits that that Plaintiff seeks to bring this action under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sec. 1132.

2. Jurisdiction is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. sec. 1132(e)(1).

ANSWER TO PARAGRAPH 2:

Park House admits that this Court has jurisdiction.

3. Venue is based on Section 502(e)(2) of ERISA, 29 U.S.C. sec. 1132(e)(2), and upon the fact that the Plaintiff Pension Fund is administered in this judicial district.

ANSWER TO PARAGRAPH 3:

Park House admits that venue is proper in this Court.

## PARTIES

4. Plaintiff S.E.I.U. Local No. 4 Pension Fund ("Pension Fund") is an "employee pension benefit plan" and "employee benefit plan" within the meaning of ERISA, 29 U.S.C. sec. 1002(2) and (3).

ANSWER TO PARAGRAPH 4:

Park House admits that Plaintiff Pension Fund is an employee pension plan and employee benefit plan under ERISA.

5. Plaintiff Hal Ruddick is a fiduciary and trustee of the named plaintiff Pension Fund. ERISA Section 502(a)(3), 29 U.S.C. sec. 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

ANSWER TO PARAGRAPH 5:

Park House admits that Mr. Ruddick is a fiduciary and is authorized to commence such a civil action.

6. Park House, Ltd. is an Illinois corporation with its principal place of business in the State of Illinois ("Defendant"). The Defendant is engaged in business within this judicial district and is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. sec. 1002(5).

ANSWER TO PARAGRAPH 6:

Park House admits that its principal place of business is in Illinois and that it is an "employer" under ERISA.

## CLAIM FOR RELIEF

7. During all relevant times, the Defendant has been bound by a collective bargaining agreement with S.E.I.U. Local No. 4.

ANSWER TO PARAGRAPH 7:

Park House admits that it is bound by a collective bargaining agreement.

8. During all relevant times, the Defendant has been bound by the provisions of the Plaintiff's Pension Fund's Trust Agreement and all rules and regulations promulgated by the Pension Fund's Trustees under the Trust Agreement incorporated by

reference in the collective bargaining agreement. These documents require participating employers to advise the Pension Fund of the identity of the employees for whom contributions are owed, to identify the hours worked by the covered employees and to pay continuing and prompt monthly contributions to the Pension Fund on behalf of employees covered by the collective bargaining agreement. Defendant has failed to tender the required reports to the Pension Fund and has failed to make the required contributions top the Pension Fund for its covered employees since January 1, 2006.

ANSWER TO PARAGRAPH 8:

Park House admits that it is required to disclose the hours worked by covered employees and to pay monthly contributions to the Pension Plan. Defendant denies that it owes contributions since January 1, 2006.

9.  The Trust Agreement authorizes the Trustees to audit the payroll books and records of participating employers and require participating employers to make available to the Trustees, or to the qualified public accountant designated by them, pay roll books and records so that an audit may be performed. The Trust Agreement provides that employers found to be delinquent must pay interest, liquidated damages and the Pension Fund's audit costs.

ANSWER TO PARAGRAPH 9:

Park House admits that the Trustee may conduct an audit of the participating employer's records and that a delinquent employer may be liable for the audit costs.

10. Pursuant to the governing collective bargaining agreements, the Trust Agreements and 29 U.S.C. sec. 1132(g)(2)(C), the Pension Fund is also entitled to an amount equal to the greater of:

(a)  interest on the unpaid contributions; or

(b)  liquidated damages provided for under the Trust Agreement not in excess of 20% of the amount that is due.

ANSWER TO PARAGRAPH 10:

Park House admits that the Pension Fund is entitled to the greater of interest on the unpaid contributions or liquidated damages.

WHEREFORE, Park House, Ltd. respectfully requests the following relief:

A) Deny Plaintiffs' request for judgment and:

    i) deny judgment to Plaintiffs for all delinquent contributions;

    ii) deny interest to Plaintiffs on delinquent contributions;

    iii) deny to Plaintiffs the greater of interest or liquidated damages of 20%; and

    iv) deny Plaintiffs' request for attorney fees and audit costs.

B) Deny Plaintiff's request for an order enjoining Defendant from failing to submit contribution reports and amounts to the Funds.

C) Deny Plaintiffs' request for the Court to retain jurisdiction.

D) Deny Plaintiffs' request for further relief.

E) Grant judgment to Defendant.

Respectfully submitted,

**PARK HOUSE, LTD., Defendant.**

/s/ Meyer Magence

Meyer Magence
One of Defendant's Attorneys

Meyer Magence (ARDC # 3124841)
8320 Skokie Boulevard
Skokie, IL 60077
(847) 679-0008

Kenneth A. Henry (ARDC # 1193457)
One North La Salle Street, Suite 3000
Chicago, IL 60602
(312) 857-0100

4